### REED & BARTON v. W. W. WALKER.

#### No. 793.

1. **Interstate Commerce — Foreign Corporation.** — The act of the Legislature of Texas, approved April 3, 1889, requiring foreign corporations to file their articles in Texas and obtain a permit to do business in the State, in so far as it applies to goods sold in one State to be carried into another, is in violation of the " commerce clause" of the Constitution of the United States, and can furnish no defense to a suit brought for the purchase price.

2. **Same — Statute not Applicable to Case as Stated.** — But where a corporation domiciled in another State sells goods there, and it is not shown that they were intended to be shipped into Texas. or that such corporation transacted or solicited business in Texas, or had a general or special office here, the case is one to which the act does not apply, as the matter is not shown to be an interstate transaction.

APPEAL from Dallas. Tried below before Hon. E. G. BOWER.

*Word & Reeves,* for appellants.—1. The power vested in Congress to regulate commerce among the States embraces the instrumentalities by which such commerce is carried on. The power is general, and includes commerce carried on by corporations. Paul v. Virginia, 8 Wall., 168; Cooper Mfg. Co. v. Ferguson, 113 U. S., 728; Ferry Co. v. Pennsylvania, 114 U. S., 196.

2. The sale by appellants, Reed & Barton, in the State of Massachusetts, to appellee, of the goods, wares, and merchandise for the price of which this suit is brought, was interstate commerce. Ferry Co. v. Pennsylvania, 114 U. S., 196; Bowman v. Railway, 125 U. S., 487; Robbins v. Shelby Tax. Dist., 120 U. S., 498; Mobile v. Kimball, 102 U. S., 691; Asher v. Texas, 128 U. S., 129.

3. Section 1 of the act requires the corporation to file with the Secre-

tary of State a duly certified copy of its articles of incorporation, and to pay the tax provided for in section 5. The State has no right to impose a burden or tax of any kind on interstate commerce. Welton v. Missouri, 91 U. S., 281; Robbins v. Shelby Tax. Dist., 120 U. S., 497; Asher v. Texas, 128 U. S., 129; Leloup v. Mobile, 127 U. S., 647; Tel. Co. v. Texas, 105 U. S., 460.

*Crawford & Crawford,* for appellee.—That Congress has the exclusive power to regulate commerce between the States is not denied, but we contend that the act in question is not a regulation of interstate commerce. It does not in any manner restrict the right of foreign corporations to vend their wares in this State. The act in no manner affects the contract of sale, but it acts upon the person or individuality of the corporation, and is a limitation upon the rights of the corporation, not to sell, but to sue in our State courts. The Federal courts are open to such corporations without reference to the fact that the law has not been complied with. The suit can not be maintained in the State court, not because the contract is illegal, but because the Legislature has fixed a disability upon the plaintiff. Peterson v. Bank, 32 N. Y., 1.

In Indiana it is held, that contracts made by foreign corporations before a compliance with the statute are not void, but that the remedy is suspended until the act is complied with. Wood v. Caldwell, 54 Ind., 270; Cook on Stock and Stockh., sec. 696.

HEAD, Associate Justice.—This appeal is prosecuted on an agreed statement under article 1414, Revised Statutes. A copy of the agreement is as follows, viz.:

"1. On November 12, 1890, plaintiff instituted this action in the County Court of Dallas County, Texas, against the defendant, W. W. Walker, for the value of goods, wares, and merchandise, aggregating $646.88, sold defendant by plaintiff at various times during the year 1890.

"2. March 14, 1891, plaintiff filed a first amended original petition, from which it appears, and wherein it is alleged, that at the time of the sale of said goods, wares, and merchandise plaintiff was a corporation, incorporated under the laws of the State of Massachusetts, and as such was engaged in Taunton, in said State, in the wholesale and retail mercantile business; that while so engaged, and in the usual course of its business, it sold in said State to this defendant said goods, wares, and merchandise, without having obtained a permit to do business in Texas.

"3. It was not averred in said amended petition that plaintiff had filed with the Secretary of State its articles of incorporation and received a permit to do business in this State, or otherwise complied with the provisions of an act of the Twenty-first Legislature of the State of Texas, approved April 3, 1889, entitled, 'An act to require foreign corporations

to file their articles of incorporation with the Secretary of State, and imposing certain conditions upon such corporations transacting business in this State,' and to repeal an act approved April 2, 1887, entitled, 'An act to require foreign corporations to file their articles of incorporation with the Secretary of State, and imposing certain conditions on such corporations transacting business in this State, and providing penalties for the same.'

"4. Defendant pleaded the following special demurrer to said first amended original answer, viz.:

"'That from said petition it appears, that the plaintiff is a foreign corporation, and the said petition does not show that it has ever filed with the Secretary of State its articles of incorporation and received a permit to do business in this State, as required by law; wherefore this defendant says that said incorporation ought not to maintain a suit in the courts of this State.'

"This demurrer was by the court sustained, and plaintiff declining to amend, the cause was by the court dismissed.

"5. The ruling of the court in sustaining the demurrer presents the only issue involved in this appeal; plaintiff contends:

"(1) That the act above referred to had no application to a foreign corporation whose business was transacted outside of the State, and which had never entered the State nor transacted or carried on business within the State.

"(2) That the act is a violation of the Constitution of the United States which gives to Congress the power ' to regulate commerce with foreign nations, and among the several States and with the Indian tribes.'

"If either of the above propositions should be determined in favor of plaintiff, the cause should be reversed and remanded; otherwise it should be affirmed."

So much of the act above referred to as bears upon the issues involved is here copied, viz.:

"Section 1. That hereafter any corporation for pecuniary profit (except as herein after provided), organized or created under the laws of any other State, or of any Territory of the United States, or any municipality of such State or Territory, or of any foreign government, sovereignty, or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State, shall be and the same is hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to such corporation a permit to transact business in this State.   If such corporation is created for more than one purpose the permit may be limited to one or more purposes.

"Sec. 3.  That hereafter no such corporation can maintain any suit or

action, either legal or equitable, in any of the courts of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made or tort committed the corporation had filed its articles of incorporation under the provisions of this act in the office of the Secretary of State, for the purpose of procuring its permit.

" Sec. 5. Such corporation shall, if its capital stock be one hundred thousand dollars or less, pay a fee of twenty-five dollars to procure such permit; if its capital stock be more than one hundred thousand dollars, and less than five hundred thousand dollars, it shall pay a fee of fifty dollars; if its capital stock be five hundred thousand dollars, and less than one million dollars, it shall pay a fee of one hundred dollars; if its capital stock shall exceed one million dollars, it shall pay a fee of two hundred dollars.''

In the case of Bateman & Bro. v. The Western Star Milling Company, decided by us at a former day of this term (1 Texas Civil Appeals, 90), this act received careful consideration, and we there held, that in so far as it applies to goods sold in one State to be carried into another, it is in violation of the " commerce clause " of the Constitution of the United States, and can furnish no defense to a suit brought for the purchase price.

It does not appear from the agreement in this case, however, that this was an interstate transaction. It seems the goods were sold by appellant to appellee at its place of business in the State of Massachusetts, and it is not stated that it was in the contemplation of the parties that they were to be shipped from that State into this. That the act does not apply to a transaction of this kind, we think there can be no question. It is neither " transacting business in this State," nor " soliciting business in this State," nor " establishing a general or special office in this State;" and it must be one or the other to come within the purview of the statute.

We are therefore of opinion that the judgment of the court below must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*

Delivered January 3, 1893.