SANDEFUR-JULIAN COMPANY v. STATE.

Opinion delivered November 28, 1903.

1. EVIDENCE—HEARSAY.—In a prosecution against a corporation, the report of the secretary of state for a particular year is inadmissible to prove that the defendant is a corporation. (Page 12.)

2. LIQUORS—SOLICITING SALES IN PROHIBITED TERRITORY—Under Acts 1901,
p. 125, making it unlawful to solicit orders for the sale of intoxicating
liquors where their sale is forbidden by law, an instruction, in a prose-
cution thereunder, that the defendant was guilty if its agent took or
accepted orders in the forbidden territory, and the refusal of a request
that, in order to convict, the jury must be convinced that defendant's
agent "solicited" orders for the sale of such liquors therein, was error.
(Page 13.)

Appeal from Pike Circuit Court.

WILLIAM S. CURRAN, Special Judge.

Reversed.

*J. H. Harrod,* for appellant.

The act of April 1, 1901, must be strictly construed. 6 Ark.
131; 13 Ark. 405; 43 Ark. 413; 59 Ark. 341; 53 Ark. 334. The
court erred in commenting upon the evidence. 38 Ark. 509; 89
Ill. 90; 51 Mo. 160. It was error to allow the prosecuting
attorney to read in evidence the report of the secretary of state
to prove that defendant was a corporation. 23 Ark. 730; 14 Ark.
502. The second instruction of the court was erroneous; and it
was likewise error to refuse defendant's fifth prayer for instruc-
tion. The indictment was defective for failure to conform to the
statute. 29 Ark. 68; 47 Ark. 488; 62 Ark. 512; 43 Ark. 93.

*Geo. W. Murphy, Attorney General,* for appellee.

RIDDICK, J. This is an appeal from a judgment in a case
where the defendant was convicted for violating the statute of
1901, making it unlawful for any person or corporation to solicit
orders, either by agent or otherwise, for the sale of intoxicating
liquors in any place in the state where the sale of such liquor is
forbidden by law. The sale of such liquors is forbidden by
statute of 1895 within ten miles of Saline Camp Ground, in Pike
county.

The indictment alleged that the defendant, a corporation, did
unlawfully solicit and procure orders for the sale of such liquors
within such forbidden district. On the trial the court permitted
the prosecuting attorney to read to the jury, as evidence to show
that the defendant was a corporation, the report of the secretary
of the state for the year 1895. This was hearsay evidence and

incompetent. After the evidence was in, the court instructed the jury that the jury should convict if the evidence showed that the defendant, by its agent, took or accepted orders in the forbidden territory; and refused the request of the defendant to the effect that, in order to convict, the jury must be convinced that the defendant by its agent solicited orders for the sale of such liquors.

The attorney general has confessed error in these instructions, and we think that the confession is right, and must be sustained.

We can concur in the law as stated by the circuit court that it is not necessary to show under this statute that the agent actually requested parties to purchase whiskey in the district. If the defendant sent its agent in the district for the purpose of procuring order for the sales of whiskey to persons in the district, and if the agent went there for that purpose, taking with him samples of the liquors which he desired to sell, and by that means procured orders for sales in the district, this would be sufficient evidence to justify a jury in finding that he solicited orders for the sale of such liquors. The "taking" of an order may be evidence that the order was "solicited," but the words "taking" and "soliciting" do not mean the same thing, and are not convertible terms.

So, whether the defendant did in truth solicit orders is a question of fact which should have been submitted to the jury. The court refused to submit that question to the jury, but told them that it was sufficient if they found that the agent took orders, but the statute does not forbid the mere taking of an order for the sale of liquor in such district. It forbids the "soliciting," not the "taking," of an order.

We have no doubt that the statute would be a much more effective law if it meant what the circuit court held it to mean. But we must take the law as we find it, and the language of it is too plain, as we think, to support the view of it adopted by the circuit court. For the error indicated, the judgment is reversed, and a new trial ordered.