

# THE ATTORNEY GENERAL
## OF TEXAS

March 27, 1989

JIM MATTOX
ATTORNEY GENERAL

Mr. Kenneth W. Littlefield          Opinion No.  JM-1032
Commissioner
Texas Department of Banking         Re:  Appointments of foreign
2601 North Lamar Blvd.              trust company as trustee for
Austin, Texas  78705-4294          Texas residents  (RQ-1488)

Dear Mr. Littlefield:

On behalf of the Department of Banking you have asked about a foreign trust company accepting appointments to serve as trustee. Your letter reads:

> The Department of Banking has received an inquiry as to the interpretation of § 105A of the Texas Probate Code. The inquiry was submitted on behalf of a Missouri trust company (referred to herein as the "Trust Company"). The Department therefore requests your opinion as to whether a foreign trust company, operating as described in this letter, can accept appointments by Texas residents to serve as trustee under living and testamentary trusts.

> Plan of Business

> The Trust Company is an affiliate of a brokerage firm which does business in Texas. The brokerage firm proposes to supply its brokers with information about the Trust Company which would be distributed to customers who inquire about the availability of trust services.

> Brokers may from time to time discuss with existing clients of the brokerage firm the advantages of professional trust services. The brokers would discuss the ability of the Trust Company to provide these services only in response to the client's inquiries as to the providers of such services. The brokers would have new account forms which would be made available to inquiring customers. The completed forms would be forwarded by the

customer directly to the Trust Company's offices in Missouri. There would be no general advertising of any kind in Texas and no mailings to Texas residents other than statements and other correspondence regarding specific accounts.

Upon opening an account, the Trust Company would serve as trustee under living and testamentary trusts created by Texas residents. The trusts would be administered in Missouri. All property other than real property would be held in Missouri and all trust records would be kept in Missouri. The Trust Company would not establish any branch office, agency or other place of business in Texas. The Trust Company has made the filings required by § 105A(b) of the Probate Code.

Applicable Law

Article 342-1110 of the Texas Banking Code prohibits a foreign trust company from doing business as a trust company in Texas or exercising in Texas those powers referred to in Article 342-1101 of the Banking Code, except as provided by § 105A of the Probate Code. Section 105A(a) of the Probate Code provides in part:

Any bank or trust company organized under the laws of and having its principal office in, . . . any . . . state of the United States of America, other than the State of Texas, . . . having the corporate power to so act, may be appointed and may serve in the State of Texas as trustee (whether of a personal or a corporate trust), executor, administrator, guardian of the estate, or in any other fiduciary capacity, whether the appointment be by will, deed, agreement, declaration, indenture, court order or decree, or otherwise, when and to the extent that . . . [the] other state in which such foreign bank or trust company is organized and has its principal office grants authority to serve in like fiduciary capacity to a bank or trust company organized under the laws of, and having

its principal office in, the State of Texas . . . .

Missouri permits Texas trust companies to act in a fiduciary capacity in Missouri upon compliance with requirements similar to those set forth in § 105[A](b) of the Texas Probate Code.  See § 362.600 Mo. Rev. Stat.[1]

Subsection (c) of § 105A prohibits a foreign trust company from establishing a branch office, agency or other place of business within Texas and prohibits in any way the solicitation, directly or indirectly, of any fiduciary business in Texas of the types described in Subsection (a) of § 105A. Subsection (e) of § 105A states that the provisions of § 105A are in addition to and not a limitation on the provisions of Tex. Rev. Civ. Stat. Art. 1513a, § 1, which in 1987 was codified as Article 342-1101 of the Texas Banking Code.

The term "solicitation" is defined by the Texas statutes in only one place, although it and its relatives appear in other statutes.  In article 4582b, dealing with funeral directing and embalming, subsection 1M states:

'Solicitation' means a direct or indirect contact with [certain persons] for the

---

1.  The conclusion that Missouri permits Texas trust companies to act in a fiduciary capacity pursuant to section 362.600 of the Missouri statutes is questionable.  The Missouri statute defines "foreign corporation" to mean a bank or other corporation organized under the laws of "any state of the United States, which state adjoins or next adjoins the state of Missouri."  (Emphasis added.)  Texas does not adjoin Missouri, but does adjoin states that do. However, the phrase "next adjoins" is not defined or elsewhere used by Missouri statutes, and the only Missouri case using the phrase that we have found uses it in the same sense as "adjoins."  See Wann v. Gruner, 251 S.W.2d 57, 58 (Mo. 1952).  See also Irons v. American Ry. Express Co., 300 S.W. 283 (Mo. 1927) ("next adjoining circuit").  Cf. Mo. Rev. Stat. § 362.925-1(1) ("adjoining-state bank holding company" defined); Epperly v. Mercantile Trust and Savings Bank of Quincy, Ill., 457 S.W.2d 1 (Mo. 1967) (Illinois corporation).

purpose of securing the right to provide funeral services or merchandise . . . .

See V.T.C.S. art. 2372p-3 ("soliciting"); V.T.C.S. art. 4495b, § 3.07(c); V.T.C.S. art. 9023a ("solicitations"); Educ. Code § 4.21 ("solicit"); Hum. Res. Code § 12.001(b); Ins. Code art. 21.49-1, § 5 ("solicitation"). Cf. Coutlakis v. State, 268 S.W.2d 192 (Tex. Crim. App. 1954) ("solicit").

The precise language of subsection (c) of section 105A of the Probate Code reads:

> (c) No foreign bank or trust company shall establish or maintain any branch office, agency or other place of business within this state, or shall in any way solicit, directly or indirectly, any fiduciary business in this state of the types embraced by subdivision (a) hereof. Except as authorized . . . by the laws of this state, no foreign bank or trust company shall act in a fiduciary capacity in this state. Nothing in this Section shall be construed to authorize foreign banks and trust companies to issue or to sell or otherwise market or distribute in this state any investment certificates, trust certificates, or other types of securities (including without limiting the generality of the foregoing any securities of the types authorized by Chapter 7 of the Insurance Code of 1951 prior to the repeal thereof), or to conduct any activities or exercise any powers of the type embraced and regulated by the Texas Banking Code of 1943 other than those conducted and exercised in a fiduciary capacity under the terms and conditions hereof. (Emphasis added.)

A violation is a misdemeanor. Prob. Code § 1.05A(f). Cf. Page v. State, 492 S.W.2d 573 (Tex. Crim. App. 1972) (solicitation of drinks).

We think both the language and the intent of subsection (c) of article 105A are plain. The foreign corporation solicits fiduciary business in violation of the statute, in our opinion, by furnishing "new account forms" to the brokers employed by an affiliated brokerage agency and by otherwise acting in concert with the brokerage firm with the expectation and intent that the forms will be completed on behalf of Texas residents -- especially, Texas residents prompted to inquire of the brokers about available providers

of trust services. The statute prohibits not only a direct or indirect solicitation of such business from consumers; it also prohibits solicitations in this state of such business by the use of, _or from_, intermediaries, whether the intermediaries are technically agents of the soliciting trust company or not. The phrase, "in any way" means in any way. See United States v. Thayer, 209 U.S. 39 (1908). Cf. Murphy v. Campbell Soup Co., 40 F.2d 671 (D.C.D. Mass. 1930) (activities on behalf of foreign corporation); Frazer v. McGowen, 502 A.2d 905, 909 (Conn. 1986) ("organizational network likely to prompt [business]"); Reed & Barton v. Walker, 21 S.W. 687 (Tex. Civ. App. 1893) (activities in other states).

In United States v. Thayer, supra, a case originating in Texas, the United States Supreme Court considered a federal statute forbidding any person to "solicit in any manner whatsoever" political contributions on government property. Mr. Justice Holmes, writing for the Court, held that letters sent to federal employees violated the statute. He wrote:

> Of course it is possible to solicit by letter as well as in person. It is equally clear that the person who writes the letter and intentionally puts it in the way of delivery solicits, whether the delivery is accomplished by agents of the writer, by agents of the person addressed, or by independent middlemen, if it takes place in the intended way. It appears to us no more open to doubt that the statute prohibits solicitation by writing as well as by spoken words. It forbids all persons to solicit 'in any manner whatever.'

209 U.S. at 42.

There is a difference between "soliciting business" and -- without design -- merely "taking orders" for business from persons not prompted, asked or importuned directly or indirectly to place orders. See Sanderfur-Julian Co. v. State, 77 S.W. 596 (Ark. 1903). However, a general inquiry about the availability of trust services is not a request about the availability of trust services furnished by a particular company, and such an inquiry is not the attempted placement of an order with any company.

A design to prompt inquiries, or to respond to general inquiries with a presentation of the benefits offered by the foreign trust company and its services, is a design to circumvent the statute, we believe. Accordingly,

appointments of the foreign trust company as trustee ob-
tained pursuant to a plan of business such as you describe
would be violative of the Texas statute. See Bittiker v.
State Bd. of Registration for Healing Arts, 404 S.W.2d 402
(Mo. App. 1966). Cf. Smallwood v. Pearl Brewing Co., 489
F.2d 579, 599 (5th Cir.), cert. denied, 419 U.S. 873 (1974)
(solicitation of proxies); B. C. Turf & Country Club, Ltd.
v. Daugherty, 210 P.2d 760 (Cal. App. 1949) (corporate
shares).

### S U M M A R Y

The action of a foreign trust company in
supplying information and forms to brokers
employed by an affiliated Texas brokerage
firm with the intention that they be
distributed to customers of the brokerage
firm who make general inquiries about the
availability of trust services violates
article 105A(c) of the Texas Probate Code.
Appointments as trustee obtained by the
foreign trust company pursuant to such a plan
of business would be violative of the Texas
statute.

Very truly yours,

J I M   M A T T O X
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General